Celeste Marianne WILSON (Whitney), Plaintiff–Appellant,

v.

Michael Dean WHITNEY, Defendant–Respondent.

Nos. 23901, 24014, 24288.

Missouri Court of Appeals, Southern District, Division Two.

May 14, 2002.

Motion for Rehearing or Transfer to Supreme Court Denied June 5, 2002.

Application for Transfer Denied Aug. 27, 2002.

Craig F. Lowther, Randy J. Reichard, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, for appellant.

C. Ronald Baird, Mark J. Millsap, J. Matthew Miller, Baird, Lightner, Millsap & Kollar, P.C., Springfield, for respondents.

JOHN E. PARRISH, Judge.

Appeal Nos. 23901 and 24014 are appeals of judgments of modification of child support. No. 24288 is an appeal of a judgment dismissing a contempt proceeding directed to respondent's failure to pay medical expenses. This court granted a motion to consolidate the appeals. For the reasons that follow, No. 23901 is dismissed, No. 24014 is affirmed, and No. 24288 is reversed and remanded for further proceedings in accordance with this opinion.

Appellant Celeste Marianne Wilson's (formerly Celeste Marianne Whitney) and respondent Michael Dean Whitney's marriage was dissolved July 30, 1990. The

parties have three children who were unemancipated minors at the time of the dissolution. They were awarded joint legal custody of the children. Appellant was awarded primary physical custody. Respondent was ordered to pay child support in the amount of $316.66 per month per child and to provide health insurance for the children. The parties' "Marital Settlement and Separation Agreement" was found "fair, reasonable and not unconscionable." The agreement was attached to and made part of the dissolution judgment. The parties were ordered to perform "the covenants" of the agreement.

The separation agreement includes the following:

> The parties agree that Wife [appellant] is entitled to collect child support from Husband [respondent] in accordance with the Missouri Child Support Guidelines and further agree that the amount of support to be paid by Husband will be recalculated every eighteen (18) months to take into consideration any changes in the income of either party and that Husband will pay support in accordance with the guidelines except that he will not pay a sum less that [sic] the amount provided for herein unless his income declines, ... or unless it increases to a level that additional support would be required to comply with the guidelines. The parties further agree that a change in the incomes or a demonstrated lifestyle inconsistent with the reported income of the parties shall be sufficient grounds for modifying the Decree of Dissolution herein entered and that it shall not be necessary for either party to allege changed circumstances to effect a modification of child support under this provision.
>
> In order to facilitate calculation of child support pursuant to the preceding paragragh [sic], Husband and Wife shall every year each deliver to a trustee agreed upon by the parties, a copy of his or her federal and state income tax returns within five days after the return is filed and that child support shall be calculated by the trustee in accordance with the Child Support Guidelines then in effect. The parties agree that only their own incomes, and not the income of a spouse, shall be used in calculating child support, unless Husband's spouse is employed by a business owned by Husband or by Husband's father, in which case such income shall be included in the calculation. The parties further agree that the trustee shall not disclose either party's income to the other and that Wife shall not be required to provide tax returns for any year when she is not employed.

Appellant filed a motion to modify the dissolution judgment on October 14, 1994. The motion to modify requested that child support be "recalculated according to the Child Support Guidelines." It requested the trial court to "award an amount [of child support] as to [the trial] Court seems just and fair in the circumstances, and in the best interests of the children."

Appellant also filed a motion requesting that respondent be held in contempt. The motion alleged respondent "willfully failed and refused to ... pay all reasonable and necessary medical expenses incurred for the children, including the annual deductible, which are not covered by insurance." It further alleged respondent "had the ability to abide by the [trial] Court's Decree but has willfully failed and refused to do so...." The motion requested "an order compelling Respondent to pay [appellant] the sums she expended and that Respondent was ordered to pay; that Respondent be confined in an appropriate penal institution until such time as he shall purge himself of contempt by

abiding by the Court Order." It sought attorney fees for appellant and suit money.

The motion to modify was tried June 13, 2000, before a family court commissioner. The case was taken under submission. The commissioner filed Findings and Recommendations on Modification of Decree of Dissolution September 22, 2000. The document includes a recommended Judgment of Modification of Decree of Dissolution. The family court judge signed the proposed judgment that date. Appellant filed a motion for rehearing October 6, 2000, and prior to the trial court acting on that motion, a notice of appeal October 16, 2000. It is appeal No. 23901.

On November 6, 2000, the family court judge remanded the case to the commissioner "for limited purpose of reconsidering whether amended findings should be entered concerning the imputation of income to respondent based on trips and attorney fees paid by his employer." On November 27, 2000, the family court commissioner conducted a hearing on the issues for which the case was remanded. The commissioner filed Supplemental Findings and Recommendations on December 1, 2000. The family court judge adopted the commissioner's findings and recommendations. The judge declared those determinations and the previous determinations of the commissioner as the final judgment. The judgment was entered December 1, 2000. Appellant filed a notice of appeal directed to that judgment December 22, 2000. It is appeal No. 24014.

The trial court granted modification of the child support provision of the dissolution judgment. It found two of the parties' children were emancipated and ordered child support as to them "abat[ed] retroactively" as of the respective dates they became emancipated. Child support for the remaining child was increased to $682 per month. In determining child support, the trial court found the provisions in the dissolution judgment that provided for periodic "recalculation" of child support and directed that if husband's spouse was employed by husband or husband's father, her income would be included in the child support calculations, void and unenforceable; that those provisions "[did] not comply with Supreme Court Rule 88.01 and the Form 14 guidelines."

The motion for contempt was heard January 25, 2001. The family court commissioner filed Findings and Recommendations on Motion for Contempt on May 15, 2001. The commissioner found the parties had stipulated that the evidence did not substantiate the motion for contempt; that the contempt proceeding should be dismissed. The family court judge adopted the findings and recommendations and entered a judgment of dismissal in the contempt proceeding. Appellant filed a notice of appeal as to that judgment May 22, 2001. It is appeal No. 24288.

### No. 23901

The notice of appeal that produced No. 23901 is directed to the "Judgment of Modification of Decree of Dissolution" entered September 22, 2000, prior to the family law judge's remand for additional findings. Appellant filed a motion for rehearing October 6, 2000, within the time permitted by Rule 78.04 for filing motions for new trial or motions to amend a judgment. See Rule 73.01. Following appellant's filing of the motion for rehearing, the family law judge remanded the case to the commissioner for further hearings. After additional hearings, the commissioner filed a further report. The family law judge entered a new judgment adopting the commissioner's additional recommendations December 1, 2000.

■ Appellant's motion alleged the trial court committed errors of fact or law in the trial of her motion for modification of the dissolution judgment. Because the motion alleged trial court errors, it is treated as a motion for new trial. *Farmers State Bank v. Place–Wiederholt Chevrolet Oldsmobile, Inc.,* 747 S.W.2d 170, 172 (Mo.App.1988). See also *Downing v. Howe,* 60 S.W.3d 646, 648 (Mo.App.2001); *Crist v. Director, Div. of Family Services,* 775 S.W.2d 266, 266–67 (Mo.App.1989).

Rule 78.01 provides, as applicable here:

... On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment.

■ The family court judge directed entry of a new judgment by accepting the recommendations of the commissioner. The December 1, 2000, judgment replaced the earlier judgment to which No. 23901 is directed. Appeal No. 23901 is, therefore, moot and is dismissed.

### No. 24014

Appellant's Point I is directed to the trial court findings that the provisions regarding calculation of child support in the separation agreement were void and unenforceable. Point I argues the "ruling was an erroneous declaration and application of the law and against the weight of the evidence in that the provision to include a spouse's income from a family business in the calculation of child support would only serve to benefit the children and was freely entered into between the parties and approved by the original trial court and at least should have been considered by the

[trial] court in support of a deviation from the Form 14 amount."

Rule 88.01 provides:

(a) When determining the correct amount of child support, a court or administrative agency shall consider all relevant factors, including all relevant statutory factors.

(b) There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the correct amount of child support to be awarded in any judicial or administrative proceeding. Unless a request is filed pursuant to Rule 73.01(c), a written finding or a specific finding on the record by the court or administrative agency that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct.

Section 452.340.1[1] identifies relevant factors the trial court is to consider in child support proceedings. It states:

In a proceeding for ... child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for the support of the child, including an award retroactive to the date of filing the petition, without regard to marital misconduct, after considering all relevant factors including:

(1) The financial needs and resources of the child;

(2) The financial resources and needs of the parents;

(3) The standard of living the child would have enjoyed had the marriage not been dissolved;

---

1. References to statutes are to RSMo 2000.

(4) The physical and emotional condition of the child, and the child's educational needs;

(5) The child's physical and legal custody arrangements, including the amount of time the child spends with each parent and the reasonable expenses associated with the custody or visitation arrangements; and

(6) The reasonable work-related child care expenses of each parent.

The question of the propriety of including a spouse's income in calculating presumed child support was addressed in *Gal v. Gal*, 937 S.W.2d 391 (Mo.App.1997). *Gal* held the statutory requirements for calculating child support, which is the foundation for Rule 88.01, "require[] the court to consider 'the financial resources and needs of the parents' when calculating child support. However, § 452.340 . . . does not require the income of father's wife to be added in." *Id.* at 394.

■■■ Parties' contractual attempts to deprive courts charged with the responsibility to set the amount of child support to be paid are not valid. "[T]he law in this state is well settled that parents may not enter into an agreement for the payment of child support which will deprive the court of its power to set the amount of support and to change that amount as conditions change." *Kocherov v. Kocherov*, 775 S.W.2d 539, 540 (Mo.App.1989). This rule of law is long-standing. *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762 (1932), explains that courts deciding child support modification cases do so with "regard for the welfare of the children only"; that "neither the mother nor father, nor both combined, have any power by contract or agreement to control the court's action." 47 S.W.2d at 768.

■■■ The trial court determination that respondent's spouse's income was not to be included in the calculation of presumed child support was not error. Its holding that the parties' contractual provision to the contrary was not binding on the court, that it was void and unenforceable and did "not comply with Supreme Court. Rule 88.01 and the Form 14 guidelines" was not an erroneous declaration or application of law.

This court further finds appellant's argument that the contractual language "should have been considered by the [trial] court in support of a deviation from the Form 14 amount" unpersuasive. There having been no request for written findings as permitted by Rule 73.01(c), the record on appeal provides no basis for a claim that the trial court did not evaluate the language in the separation agreement to which appellant refers in ascertaining if adherence to Rule 88.01 calculations would be unjust or inappropriate.

■■■ Further, as stated in *Kelly*, it is the welfare of the child that drives modification. The language of the agreement that the trial court found invalid is, itself, inconsistent with this very purpose. The agreement undertook to provide that it would "not be necessary for either party to allege changed circumstances to effect a modification of child support." That provision is inconsistent with § 452.370.1 that permits modification "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The only variance from that requirement is the provision that a prima facie case of change of circumstances occurs upon showing that financial circumstances of a party have changed to the extent that a 20 percent change would occur in the calculated amount of presumed child support.

This court finds no error in the trial court's determination that the provision related to calculating child support that

was part of the parties' separation agreement was void and unenforceable. Point I is denied.

Point II is directed to the trial court's calculation of respondent's gross income in determining the amount used to calculate presumed child support. The trial court calculated respondent's child support obligation using respondent's gross salary and bonuses for 1999, the calendar year immediately preceding the date of the hearing on the motion to modify. No additional income was imputed to respondent for attorney fees paid by his employer, Whitney Contractors, Inc., (the corporation) or for insurance premiums the employer paid for automobile insurance for respondent's car. The trial court allowed respondent a credit in calculating the presumed child support for the cost of health insurance he provided for the children.

Point II argues "(1) the trial court should have used an average of [respondent's] prior earnings due to the volatility of his income; (2) the trial court should have included [respondent's] attorney fees paid by the family business in his gross income; (3) the insurance on [respondent's] personal vehicle paid by the family business should have been included in his gross income; (4) [respondent's] wife's income should have been included in his gross income pursuant to the parties' agreement; and (5) the trial court should not have included the health insurance costs for the children on ... the Form 14 worksheet since this cost was paid by the family business."

Appellant argues respondent's 1999 salary and bonus should not have been used as the basis for calculating presumed child support because his 1999 income was his lowest income for the three years that preceded the modification hearing.[2] Appellant contends the trial court should have used an average of respondent's income for 1997, 1998 and 1999 for purposes of calculating presumed child support.

Calculation of child support is the obligation of the judge who must determine an award according to the evidence presented. *In re Marriage of Glueck*, 913 S.W.2d 951, 955 (Mo.App. 1996); *Allard v. Allard*, 856 S.W.2d 64, 71 n. 10 (Mo.App.1993). The trial court may properly consider both past and current earnings of the non-custodial spouse for that purpose. *Glueck, supra*.

Respondent's income for 1999 was his lowest income for the three years immediately preceding the date of the modification hearing. However, respondent's tax returns for 1993, 1994 and 1995 reflect considerably lesser incomes. Respondent's 1996 income was comparable to that for 1999. This court finds no abuse of discretion by the trial court in its use of respondent's 1999 income for purposes of calculating presumed child support.

The corporation had paid over $20,000 to respondent's attorneys. It also paid for automobile insurance for the vehicle it provided for respondent's use. Respondent told the trial court his father, as majority shareholder of the corporation, refused to disclose information from the corporate records that appellant sought in seeking increased child support. Respondent encouraged his father to provide the information to appellant. The trial court found:

As to the attorney fees that the Respondent has received from [the corporation], the Court finds that great effort and expense has been expended by [appel-

___

2. The trial court's Form 14 reflects a monthly income for respondent of $5,533, suggesting an annual income of $66,296.

lant] to find proof that the Respondent controls [the corporation]. [Appellant's] original counsel . . . obviously were treating [the corporation] as the alter ego of the Respondent. The Court finds credible that the Respondent's father, when receiving a subpoena for the Corporate records and Corporate tax returns became incensed and consequently authorized the payment for the Respondent's attorney fees to defend such actions. The attempts to prove that the Respondent controls the corporation and was hiding money through the corporation continued throughout this case and the Court finds several reams of papers and documents in the [trial] Court's file that are continuations of the exhaustive and lengthy but unsuccessful discovery and this Court concludes that [appellant] has totally failed in showing . . . that [respondent] receives no other money except his salary and bonuses and money for the attorney fees for defending this lawsuit. The attorney fees were authorized by the Corporation and not by the Respondent and since the Corporation was treated as a party to this lawsuit the Court finds the Corporation was justified in paying the attorney fees for the Respondent.

Upon remand by the family court judge, additional findings consistent with the above text were made by the commissioner and subsequently adopted by the family court judge.

■ The evidence supports the trial court findings. Giving deference to the trial court in assessing credibility of witnesses and weighing evidence, this court finds no abuse of discretion by the trial court in not imputing attorney fees paid by the corporation as income to respondent.

Respondent was asked about the circumstances with respect to the corporation paying his automobile insurance premiums. Respondent told the trial court this occurred to permit the parties' son, Michael, to obtain insurance on his automobile at a reasonable rate. He stated:

Another benefit that I have, when my son found out that—what his car insurance was going to be if he got it on his own—after his 18th birthday it was going to be like 4 or 5, $600 a month. So—And he was also—had turned 18 so I could no longer include him as a part-time driver.

And the only way that I could get him on our insurance and get it down to an affordable rate of $160, was to take my car that I drive on business and have the corporation pay the insurance on that car. So they pay the insurance on that car which is about $56 a month.

■ Whether to include significant employment-related benefits received by parents in calculating presumed child support benefits is a decision to be made by the trial court. *Tate v. Tate*, 920 S.W.2d 98, 106 (Mo.App.1996). The trial court is not required to include all benefits in its computation of a parent's income. *Id.* This court finds no abuse of discretion in the trial court's decision not to impute the cost of automobile insurance paid by the corporation for respondent's automobile as income to respondent.

The issue of the trial court's failure to include respondent's wife's income as income of respondent in calculating presumed child support was addressed in discussing Point I. The trial court did not err in failing to impute that income to respondent.

■ Appellant's argument that the trial court erred in giving credit to respondent for health insurance for the parties' youngest daughter is, likewise, not persuasive. The trial court gave credit to father for $133 per month for "[h]ealth insurance

costs for the children who are subjects of this proceeding." Respondent testified that he paid health insurance premiums; that the cost of his youngest daughter's health insurance was $133 a month. Point II is denied.

Point III argues the trial court erred in failing to award appellant attorney fees; that "said refusal was an abuse of discretion and against the weight of the evidence in that [respondent's] attorney fees were paid by the family business and the disparity in the parties' incomes dictated an award of attorney fees to [appellant]."

 A trial court may award attorney fees in a modification proceeding. *McGehee v. McGehee*, 943 S.W.2d 364, 372 (Mo.App.1997). See § 452.355. "Trial courts are vested with broad discretion in awarding attorney fees and such an award is reviewable only for an abuse of discretion." *Id.* "To show an abuse of discretion the complaining party must show that the trial court acted 'clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice.'" *Id.,* quoting *Ansevics v. Cashaw,* 881 S.W.2d 247, 250 (Mo.App.1994). The circumstances that led to the corporation's payment of attorney fees related to this case were previously discussed. This court finds no abuse of discretion in not ordering respondent to pay appellant's attorney fees. Point III is denied.

Point IV contends the trial court erred in not making the increase in child support retroactive. Appellant argues the trial court abused its discretion in failing to make the increase retroactive because "the motion to modify had been pending for almost six years before judgment was entered, [respondent] acknowledged years before the hearing that an increase in child support was likely." Point IV argues "the trial court's basis for failing to award retroactive child support contradicted the . . .

assumption that the custodial parent is entitled to receive the tax exemption for the children."

The trial court stated the following reasons for refusing to grant appellant's request to order the increase in child support retroactive to the filing of the motion to modify:

a. That the Respondent has provided benefits to the children during the time since the original Judgment including cars, jobs, tuition, books, clothing, gifts, car repairs, tutoring, music and trips.

b. The Court notes from the original Decree that [appellant] has had the benefit of the dependency exemptions since the time of the Decree and since no request was made to change the same, the Court will not modify that provision.

 The evidence before the trial court supports its assessment that respondent provided benefits to the children in excess of his child support payments during the time the motion to modify was pending. Further, although appellant's motion to modify alleged that "[t]he expenses for meeting the children's personal needs ha[d] risen," appellant did not present evidence of increased expenses. A claim of increased needs must be supported by evidence. *Breckner v. Coble,* 921 S.W.2d 624, 628 (Mo.App.1996); *Glenn v. Francis,* 864 S.W.2d 947, 954 (Mo.App. 1993). The trial court's assessment that respondent had met needs of the children in excess of payment of child support was sufficient reason to deny the request to make the increase in child support retroactive. "The trial court has discretion to determine the effective date for modified child support and that decision will not be reversed in the absence of a clear abuse."

*Quackenbush v. Hoyt,* 940 S.W.2d 938, 945 (Mo.App.1997).

The second "reason" the trial court gave for not providing a retroactive increase is, in essence, nothing more than the acknowledgment that appellant had received the tax benefits of exemptions for the children; that this would remain unchanged. It is of no consequence to the question of whether the increased child support should have been made retroactive. Point IV is denied.

Point V is directed to the part of the modification judgment that allocated medical and dental expenses. The parties' separation agreement that was approved and made part of the dissolution judgment provides:

In addition [to the child support to be paid], [respondent] has obtained medical insurance coverage for all three children, which he will continue to maintain at his expense. [Respondent] will pay all reasonable and necessary medical expenses incurred for the children, including the annual deductible, which are not covered by insurance.

The modification judgment provides:

The Court finds the presumed guideline amount is unjust and inappropriate and departs from same as the Respondent shall provide medical and dental insurance on the minor child and shall be responsible for 70% of all amounts not covered by insurance for medical, dental, optical, orthodontic, counseling and prescriptions expenses for the minor child including any co-payments necessary. [Appellant] is responsible for 30% of the same uncovered expenses.

Point V asserts that the trial court erred in "reallocating" costs of the children's medical expenses not covered by insurance. Appellant argues this was error because the issue was not raised by either party, and appellant did not have financial resources to contribute to the payment of the expenses.

■ Courts are bound by the statutory terms imposed by the legislature in addressing issues related to dissolution of marriages. *Bold v. Bold,* 912 S.W.2d 477, 479 (Mo. banc 1995); *Cates v. Cates,* 819 S.W.2d 731, 734 (Mo. banc 1991). This includes medical expenses related to dependent children for whom child support is ordered. *Bold, supra.*

Section 454.603 provides, as applicable here:

1. At any state of a proceeding in which the circuit court ... has jurisdiction to establish or modify an order for child support, ... the court ... shall determine whether to require a parent to provide medical care for the child through a health benefit plan.

. . .

5. The court shall require the obligor to be liable for all or a portion of the medical or dental expenses of the minor child that are not covered by the required health benefit plan coverage if:

(1) The court finds that the health benefit plan coverage required to be obtained by the obligor or available to the obligee does not pay all the reasonable and necessary medical or dental expenses of the minor child; and

(2) The court finds that the obligor has the financial resources to contribute to the payment of these medical or dental expenses; and

(3) The court finds the obligee has substantially complied with the terms of the health benefit coverage.

Section 454.603.1 directs a trial court to determine whether to require a parent to provide medical care through a health benefit plan for a child who is the subject of a

proceeding seeking modification of child support. The directive is not conditioned on a party specifically seeking modification of health care directives included in a prior judgment. Upon imposing an obligation on a parent to provide medical care for a child by means of a health benefit plan, § 454.603.5 requires the court to "require the obligor to be liable for all or a portion of the medical or dental expenses of the minor child that are not covered by the required health benefit plan" upon finding certain facts.

The evidence was that respondent maintained a health benefit plan that provided coverage for medical expenses for the parties' minor child. The original dissolution judgment required that he provide medical coverage for the child. The requirement of § 454.603.1 for the trial court to determine whether to require respondent to provide medical care through a health benefit plan in any proceeding to modify an order of child support imposed the duty to review that issue. In continuing an obligation to provide medical care through a health benefit plan that did not pay all medical or dental expenses, § 454.603.5 imposed the requirement on the trial court to direct whether the obligor parent, in this case respondent, would be liable for all or a portion of medical or dental expenses of the child that were not covered by the health benefit plan that was in place. The trial court directed respondent to pay 70% of those amounts and appellant to pay 30%.

■■■ This court finds that § 454.603.1 does not require the issue of medical insurance to be raised by a party to a child support modification proceeding in order for the trial court to modify a provision that was included in the previous support order relative to a health benefit plan. In the event medical care is ordered provided by means of such a plan, or an earlier requirement to that effect is continued, the portion of expenses not covered by the plan that an obligor parent must pay is to be assessed by the trial court. § 454.603.5.

Appellant cites *Feinberg v. Feinberg*, 924 S.W.2d 328 (Mo.App.1996), for the proposition that action taken by a trial court in addressing medical insurance deductibles absent their being "called into exercise by pleadings" or tried by consent is void. The answer to appellant's claim in that regard is that the issue to which the holding in *Feinberg* relates is not a child support proceeding to which § 454.603.1 and .5 would apply.

This court further notes the pleading that initiated the proceedings that produced this appeal, appellant's motion to modify, alleged, "It would be in the children's best interests, and fair and equitable to the parties, if a reasonable plan were formulated to share unexpected and unusual expenses...." One might argue this to have been sufficient to permit the trial court to address payment of the deductible amount for medical care even absent the dictates of § 454.603.5. Additionally, in an ancillary proceeding, appellant requested that respondent be adjudged in contempt of court for "fail[ing] to pay all reasonable and necessary medical expenses incurred for the children ... which are not covered by insurance." Perhaps the existence of past disputes on this issue encouraged the trial court to address it with particularity in the modification judgment.

Point V is denied. The judgment of modification is affirmed.

### No. 24288

An Order to Show Cause was issued by the trial court September 14, 2000, directing respondent to appear and show cause why he should not be held in contempt of

court and why judgment should not be entered against him for willfully failing and refusing to abide by the trial court order of July 30, 1990, the dissolution judgment. The order issued upon appellant's Motion to Cite Respondent, Michael Dean Whitney, for Contempt of Court. The motion alleged respondent had willfully failed and refused to comply with the dissolution judgment by "fail[ing] to pay all reasonable and necessary medical expenses incurred for the children, including the annual deductible, which are not covered by insurance." It alleged respondent had the ability to abide by the court's order in the dissolution judgment.

The trial court entered a judgment dismissing the contempt proceeding finding:

On 25 January 2001 both parties appeared, [appellant] appeared with attorney Craig Lowther and Respondent appeared with attorney Ron Baird. Hearing was held and evidence presented. At the close of the [appellant's] evidence, both parties agreed on behalf of their clients that the action for contempt could not be substantiated by the evidence and both attorneys requested the Court to consider the evidence for the purpose of determining what amount may be owed by the Respondent pursuant to the original Judgment and Decree for medical expenses. Therefore the Court finds that the Motion for Contempt is dismissed, finding that evidence did not substantiate [appellant's] motion. Any cost is assessed against [appellant].

Appellant asserts the trial court erred in dismissing the contempt action upon finding both parties agreed the action for contempt could not be substantiated by the evidence; that the only agreement between the parties was that the first step required in the proceeding was to determine the amount of medical expenses incurred that had been unpaid. Appellant argues she made a prima facie case of contempt by proving respondent failed to pay medical expenses that the dissolution judgment required respondent to pay.

■■■■■ A child support order is enforceable through civil contempt. *Krane v. Krane*, 912 S.W.2d 473, 475 (Mo.banc 1995). A civil contempt proceeding based on failure to pay a court-ordered amount requires proof that the alleged contemnor failed to make the required payment and, if imprisonment is requested, proof that the alleged contemnor has the ability to purge himself or herself of the contempt. *State ex rel. Div. of Family Services v. Bullock*, 904 S.W.2d 510, 513–14 (Mo.App. 1995).

■■■ The record on appeal does not reflect an agreement that the alleged contempt could not be substantiated by the evidence. The understanding stated on the record was that the motion to hold respondent in contempt would be considered on the record from the modification hearing, together with additional evidence regarding any unpaid medical expenses that might be determined to be owed. There was discussion that upon ascertaining the amount owed, as the first step of the contempt proceeding, the attorneys were hopeful an agreement could be reached that would prevent further directions by the trial court. The dismissal of the contempt proceeding on the basis that there was an agreement by the attorneys is contrary to the record on appeal and against the weight of the evidence. The judgment dismissing the contempt proceeding must be reversed and the case remanded for trial on the issues presented by the motion for contempt.

### Disposition of Appeals

Appeal No. 23901 is dismissed. The modification judgment appealed in No.

24014 is affirmed. The judgment dismissing the contempt proceeding in No. 24288 is reversed and the case remanded as to No. 24288 for trial of the issues presented in appellant's motion for contempt.

GARRISON, P.J., and RAHMEYER, J., concur.