**Oliver PATTERSON and Mary Ruth Patterson, Plaintiffs–Respondents,**

v.

**Ron WATERMAN, Defendant–Appellant.**

No. 24361.

Missouri Court of Appeals, Southern District, Division One.

Feb. 7, 2003.

Donald Nangle, St. Louis, for Defendant-Appellant.

Christina L. Kime, L. Dwayne Hackworth, Hackworth, Kime & Hackworth, Piedmont, for Plaintiffs-Respondents.

Before MONTGOMERY, P.J., GARRISON and BARNEY, J.J.

PER CURIAM.

Ron Waterman (Appellant) appeals a jury verdict awarding Oliver and Mary Ruth Patterson (Respondents) the sum of $75,000 for breach of contract. The contract allowed Respondents to cut timber on Appellant's real estate which consisted of some 1,040 acres.[1]

■ Based on numerous violations of Rule 84.04,[2] Respondents claim that Appellant has failed to preserve anything for our review and, consequently, the appeal should be dismissed. We agree.

■ We first observe that Appellant's brief does not contain a table of authorities. Rule 84.04(a)(1) requires that an appellate brief contain an alphabetical listing of cases, statutes, and other authorities cited, "with reference to the pages of the brief where they are cited." Further, Appellant's argument following all three points relied on violates· Rule 84.04(e). This rule requires that the argument shall contain "a concise statement of the applicable standard of review for each claim of error." We find no statement of the applicable standard of review for any of Appellant's claims of error. "Violations of the rules of appellate procedure constitute grounds for dismissal of an appeal." *Jones v. Wolff*, 887 S.W.2d 806, 808 (Mo. App.1994).

Next, we observe that none of Appellant's points relied on comply with Rule 84.04(d). Appellant's brief asserts the following points relied on:

I

The trial court erred in not dismissing Waterman from the case at the close of the plaintiff's case and again and (sic) the close of all of the evidence because there was no testimony allocating damages against Waterman exclusively. The testimony of damages was for one amount between a period spanning both episodes of timber cutting through the end of the date in the contract for removal of timber.

II

The trial court erred in allowing the instructions given by plaintiff Patterson in that the proof at trial was for the reasonable market value of the standing timber before the breach of the Waterman contract and the reasonable market value of the standing timber after the breach and the plaintiff used 4.01 MAI instead of 4.02 MAI.[3]

III

The trial court erred in not dismissing Waterman from the case at the close of the plaintiff's case and again at the close of all of the evidence because when defendants Hawkins and Hubbell reaffirmed the timber cutting contract after they acquired title to the land, previously owned by Waterman, and the plaintiff Patterson took advantage of the opportunity to cut the remainder of the stand-

1. This real estate was subsequently conveyed, subject to the timber-cutting contract, to two other parties. Respondents also obtained a judgment in this case against these parties. However, Respondents settled with these parties after judgment, and they are not involved in this appeal.

2. Rule references are to Missouri Court Rules (2002).

3. This point relates to the giving of an instruction. Rule 84.04(e) requires that such instruction "shall be set forth in full in the argument portion of the brief." Appellant does not set forth in his argument the alleged erroneous instruction in violation of the rule.

ing timber, plaintiff Patterson waived his complaint that he could not conclude the contract because of Waterman's conduct; in any event, there was no testimony at trail (sic) regarding the cost or damage because of the delay, the gap between the period after Waterman put Patterson off of the land and the resumption of cutting under Hawkins and Hubbell.[4]

Rule 84.04(d) provides:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

■ Appellant's points identify the trial court's action being challenged and arguably state the legal reasons for Appellant's claim of reversible error. However, the points fail to explain in summary fashion why, in the context of the case, Appellant's legal reasons support the claim of reversible error. These points leave this Court to ponder why Appellant's legal reasons support his claim of reversible error. The points present only bare averments of trial

court error without explaining why the trial court is wrong. "Abstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). Clearly, Appellant's points do no comply with Rule 84.04(d). An insufficient point relied on preserves nothing for appellate review. *Bentlage v. Springgate,* 793 S.W.2d 228, 231 (Mo.App.1990).

■ Finally, we observe that Appellant's argument under each point fails to cite appropriate legal authority or explain the reasons for his failure to do so. "Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review." *Kent v. Charlie Chicken, II, Inc.,* 972 S.W.2d 513, 516 (Mo.App.1998). Under Point I, Appellant's argument consists of three sentences covering four lines without citation of any authority. His argument following Point II, also without citation to any authority, consists of three sentences covering six lines. The argument under Point III does cite cases dealing in general with timber-cutting contracts. However, Appellant cites no authority supporting his waiver theory found in this point. Finally, he discusses one case Plaintiffs relied on to support their theory of damages. However, Appellant does not demonstrate how this case supports his contention regarding insufficient proof of damages.

■ Appellant's numerous failures to comply with Rule 84.04 result in a brief that falls far short of compliance with the rule. The requirements of Rule 84.04 are mandatory. *Zakibe v. Ahrens & McCarron, Inc.,* 28 S.W.3d 373, 388 (Mo.App. 2000). If we addressed Appellant's points, our effort would require substantial research on our part seeking to find authori-

---

**4.** This point raises issues of waiver and insufficiency of damage evidence. "A point which contains multifarious claims of error is not in compliance with Rule 84.04(d)." *Stroup v. Facet Auto. Filter Co.,* 919 S.W.2d 273, 277 (Mo.App.1996)

ty upholding Appellant's position. "An appellate court should not become an advocate for one of the parties in an effort to see if it can find a theory for reversal." *Stroup,* 919 S.W.2d at 277.

The appeal is dismissed.