JOHN E. PARRISH, Judge.
James Strahan, county assessor for Taney County, Missouri, (assessor) appeals a judgment of the Circuit Court of Taney County which determined that the State Tax Commission of Missouri (the Commission) erroneously declared the law in denying an appeal by Twelve Oaks Motor Inn, Inc., (Twelve Oaks) of a decision of the Taney County Board of Equalization. This court reverses the order of the Commission. The case is remanded to the Commission for hearing and determination on its merits.
Twelve Oaks timely appealed assessor’s 2001 valuation of its Taney County real estate to the Taney County Board of Equalization. That agency reduced the valuation of the property. Twelve Oaks sought further reduction by appealing the decision of the Board of Equalization to the Commission.
Twelve Oaks received written notice of the Board of Equalization decision, together with written instructions regarding further appeal. The written instructions were on a form provided by the Commission. A “GENERAL INFORMATION” section on the form states:
A. FILING DEADLINES — CITY OF ST. LOUIS, BOONE, BUCHANAN, CAMDEN, CAPE GIRARDEAU, CASS, CLAY, COLE, FRANKLIN, GREENE, JACKSON, JASPER, JEFFERSON, PLATTE, ST. CHARLES, AND ST. LOUIS COUNTIES. Your Complaint(s) must be filed with this Commission on or before August 15 of the year of assessment, or within thirty (30) days of the decision of the Board of Equalization, whichever is later.
ALL OTHER COUNTIES. Your Complaints) must be filed with this Commission on or before September 30 of the year of assessment, or within thirty (30) days of the decision of the Board of Equalization, whichever is later.
NOTE: These deadlines are set by statute, the State Tax Commission cannot extend them. All Complaints sent by registered, certified or first class mail will be deemed filed as of the date of the *406 postmark. Complaints sent by metered mail shall be deemed filed as of the date of post office cancellation; otherwise, as of the date the Commission receives the Complaint.
Twelve Oaks submitted a Complaint for Review of Assessment dated August 16, 2001 to the Commission. It sought review of the 2001 assessment imposed by the Board of Equalization. The complaint was received by the Commission and marked “RECEIVED AUG 20, 2001.” By letter dated August 29, 2001, to Twelve Oaks’ attorney, the Commission advised Twelve Oaks that its complaint was not timely. The letter noted that appeals from first class counties were required to “be filed on or before August 15 or thirty days from the date of the decision of the Board of Equalization, whichever is later.”
By letter dated August 31, 2001, Twelve Oaks’ attorney resubmitted its complaint, together with the instruction information Twelve Oaks was provided when the notice of the assessed valuation was received from the Board of Equalization. On September 18, 2001, the Commission entered its order denying jurisdiction to take Twelve Oaks’ complaint for review of the assessment. The document acknowledged that Twelve Oaks, on July 5, 2001, “mailed the STC postcard requesting a real property appeal form. Said postcard was received by the Legal Section of the Commission on July 9, 2001, and a Complaint for Review of Assessment Form with Instructions and Information was mailed to [Twelve Oaks] at 235 Schaefer Dr., Bran-son, MO 65616, on that date.” The document recited the general information the form contained regarding filing deadlines, together with the explanation:
The Instructions and Information sheet sent to [Twelve Oaks] was an outdated sheet, since Taney County had move to 1st class county status for the 2001 assessment year and thereby came under the August 15 deadline instead of the September 30 deadline.
The Commission’s order stated that the decision letter provided by the Board of Equalization stated that appeals to the Commission could be filed “no later than August 15 or thirty (30) days after the date of the Board, decision, whichever is later.” It declared:
[Twelve Oaks] received conflicting information from the Taney County Board of Equalization and the Commission. [Twelve Oaks] elected to rely upon the information provided by the Commission. A simple phone call to the Commission inquiring as to the correct date for filing of the Complaint for Review of Assessment would have clarified the matter. [Twelve Oaks] would have been advised that August 15 was in fact the deadline in Taney County. [Twelve Oaks] failed to make such an inquiry to resolve the discrepancy in the information which had been provided. The action of the Commission was not affirmative misconduct. It was a mere mistake that [Twelve Oaks] could have and should have sought more information, so as to be properly informed as to the filing deadline.[1]
An order was entered declaring, “The Complaint for Review of Assessment was untimely filed. The Commission is without jurisdiction to hear the appeal.”
C & D Inv. Co. v. Bestor, 624 S.W.2d 835 (Mo. banc 1981), explains:
*407 The legislature has established a comprehensive system for valuation and assessment of property. The assessor is required to assess property.... The assessment may be appealed to the county board of equalization, § 138.060, and, if the taxpayer is dissatisfied with the decision of the county board, that decision may be appealed to the state tax commission. Section 138.110. Judicial review is thereafter available under the Administrative Procedure Act, Chapter 536. Section 138.470.4.[2]
Id. at 838.
On appeal from a circuit court’s review of an administrative decision, we review the decision of the [administrative agency], not the decision of the court. Missouri Dep’t. Soc. Serv. v. Great Plains [Hospital, Inc.], 930 S.W.2d 429, 433 (Mo.App. W.D. 1996).... [W]here the decision of the [administrative agency] involves the interpretation or application of law, or the pertinent facts are undisputed between the parties ... we independently review the matter as a question of law. Cosada Villa [of Missouri, Inc.] v. Department of Soc. Servs., 868 S.W.2d 157, 159 (Mo.App. W.D.1994); Department of Soc. Servs. v. Our Lady of Mercy Home, 803 S.W.2d 72, 75 (Mo.App. W.D.1990). In such cases, we give no deference to either the [administrative agency’s] or the circuit court’s conclusions of law, but exercise our own independent judgment and draw our own conclusions from the [administrative agency’s] findings. Great Plains, 930 S.W.2d at 433.
Missouri Ethics Com’n v. Thomas, 956 S.W.2d 456, 457-58 (Mo.App.1997). The facts germane to this appeal are undisputed. The issues presented are reviewed as questions of law.[3]
Assessor presents three points on appeal. The first asserts that neither the Commission nor the circuit court had subject matter jurisdiction to hear Twelve Oaks’ appeal because Twelve Oaks’ “failure to file a timely appeal was failure to exhaust its administrative remedy.” Points II and III assert estoppel was not shown so as to permit the Commission to hear Twelve Oaks’ appeal. The gist of assessor’s argument regarding the inapplicability of estoppel is that the elements required for application of estoppel to actions of a government agency were not shown. For the reasons that follow, this court concludes the issues presented by Points II and III are dispositive.
Points II and III turn on the same issue. Point II contends the trial court erred in applying estoppel to create an exception to the statutory deadline for appeal and in finding the Commission was estopped from *408 Twelve Oaks’ appeal on the basis that Twelve Oaks relied on incorrect information in an Instructions and Information sheet supplied by the Commission.[4] Point III contends the trial court erred in applying estoppel because the “Commission’s conduct did not constitute ‘affirmative misconduct[’], and the principle of governmental estoppel requires that the government action constitute ‘affirmative misconduct.’ ”
In finding against Twelve Oaks, the Commission declared:
[Twelve Oaks] is, in effect, seeking to estop the Commission from denying the filing of the Complaint for Review of Assessment on the ground that [Twelve Oaks] relied upon the Instructions and Information sheet provided by the Commission. [Twelve Oaks] is not entitled the relief sought, having the Commission take the appeal.
This court explained requirements for applying estoppel to government agencies in Bailey v. City of Goodman, 69 S.W.3d 154 (Mo.App.2002).
A party asserting estoppel must prove all required elements of estoppel in order to prevail. [Collins v. Missouri Director of Revenue, 2 S.W.3d 164, 167 (Mo.App.1999).] These elements are “1) a statement or act by the government entity inconsistent with the subsequent government act; 2) the citizen relied on the act; and 3) injury to the citizen. In addition, the governmental conduct complained of must amount to affirmative misconduct.” Missouri Gas Energy v. Public Service Com’n, 978 S.W.2d 434, 439 (Mo.App.1998).
Id. at 157. Missouri Gas Energy v. Public Service Com’n, 978 S.W.2d 434 (Mo.App.1998), identifies further circumstances that must be considered in applying estop-pel against the government.
Equitable estoppel may run against the state, but only where there are exceptional circumstances and a manifest injustice will result. Prince v. Division of Family Services, 886 S.W.2d 68, 73 (Mo.App.1994). Equitable estoppel is not applicable if it will interfere with the proper discharge of governmental duties, curtail the exercise of the state’s police power or thwart public policy, and is limited to those situations where public rights have to yield when private parties have greater equitable rights. State ex rel. Capital City Water Co. v. Missouri Public Service Com’n, 850 S.W.2d 903, 910 (Mo.App.1993).
Id. at 439.
“An equitable estoppel rests largely on the facts and circumstances of the particular case[;] thus any attempted definition usually amounts to no more than a declaration of an estoppel under those facts and circumstances.” Miskimen v. Kansas City Star Co., 684 S.W.2d 394, 400 (Mo.App.1984).
The Commission provided Instructions and Information to Twelve Oaks that gave erroneous information regarding when an appeal from the Board of Equalization must be filed. The Commission thereafter refused to accept the complaint by which Twelve Oaks sought to appeal, although the complaint was filed within the time specified in the Instructions and Information the Commission had provided. This sufficed to meet the first element required for estoppel. It was a statement by the government, here the Commission, that was inconsistent with subsequent action, the Commission’s refusal to accept an *409 appeal filed within the time specified by its written instructions.
Twelve Oaks relied on the Commission’s statement that the appeal would be timely if filed within the time limits stated in the Instructions and Information. The second element required for estoppel was shown.
Twelve Oaks was injured by its rebanee on the Commission’s statement. It was denied its right to be heard in its complaint that the assessment of the Board of Equalization was erroneous. The third element was shown.
The statement on which Twelve Oaks relied was disseminated by the Commission in that the Commission provided the written Instructions and Information that were incorrect. The dissemination of erroneous instructions was affirmative misconduct.
The hearing of Twelve Oaks’ appeal would not interfere with the proper discharge of the Commission’s governmental duties. It would not curtail the exercise of the state’s police power or thwart public policy. Twelve Oaks’ equitable right to appeal the assessment by the Board of Equalization is greater than the Commission’s right to reject that appeal in these circumstances; thus the Commission’s right to refuse the appeal yields to Twelve Oaks’ right to be heard. Points II and III are denied. Point I is moot by reason of estoppel.
For the foregoing reasons, under the facts herein, this court finds the Commission’s order declaring it to be without jurisdiction to be unauthorized by law. The Order Denying Jurisdiction to take Complaint for Review of Assessment is reversed in accordance with §§ 536.140.2(4) and 536.140.5, RSMo 2000. The case is remanded to the Commission for proceedings consistent with this opinion.
PREWITT, P.J., and SHRUM, J., concur.

. This court does not find the Commission’s reasoning persuasive. The burden is on the Commission to provide accurate information to taxpayers. Taxpayers who receive explicit instructions from the Commission have no duty to check the accuracy of the information received.

. References to statutes in the quotation are to RSMo 1978. Although there have been changes in the statutes since that time, the procedures required for review remain unchanged.

. Although Rule 84.04(e) directs that the argument portion of appellant briefs “shall also include a concise statement of the applicable standard of review for each claim of error,” assessor’s brief is devoid of such statements. This court recently restated the admonition, " ‘Violations of the rules of appellate procedure constitute grounds for dismissal of an appeal.’ " Patterson v. Waterman, 96 S.W.3d 177, 178 (Mo.App.2003), quoting Jones v. Wolff, 887 S.W.2d 806, 808 (Mo.App.1994). Appellate courts, however, prefer to resolve issues on their merits if faulty briefing procedures do not impede disposition of the case on its merits. Daniel v. Indiana Mills & Mfg., Inc., 103 S.W.3d 302, 312 (Mo.App.2003). Assessor's briefing failures do not impede this court from addressing the issues presented on their merits; therefore, this appeal will not be dismissed. Notwithstanding this court’s decision to consider this appeal on its merits, future appellants who choose not to comply with mandates of Rule 84.04 do so at their peril.

. Point II does not comply with mandates of Rule 84.04(d)(2)(B) and (C); however, this court can discern the basis for the allegation of error from the argument directed to that point. Point II is, therefore, considered on its merits.