**Paula WILLARD, Employee/Appellant,**

v.

**RED LOBSTER, Employer/Respondent.**

**No. 69556.**

Missouri Court of Appeals, Eastern District, Division One.

July 30, 1996.

evidentiary hearing; accordingly, appeal from that judgment is deemed abandoned.

Brown and Crouppen, Gary J. Sanguinet, St. Louis, for appellant.

Clare R. Behrle, St. Louis, for respondent.

GRIMM, Judge.

Employee appeals the Final Award of the Labor and Industrial Relations Commission. She alleges the commission exceeded its authority by (1) failing to comply with its own procedural rules; (2) misinforming the parties of what the commission would actually review; and (3) denying her due process of law. We affirm.

## I. Background

While at work on October 23, 1993, employee slipped and fell on a wet floor. Employee said she sustained "very severe back pain" and her "left leg was hurting." She filed a claim for compensation. Employer denied liability on the claim.

An Administrative Law Judge heard the claim on December 1, 1994. On December 16, 1994, he issued an award denominated "Temporary or Partial Award." However, the ALJ found that employee "has reached maximum medical improvement." Thus, he found that employee sustained a permanent

injury of "18% body as a whole" and awarded permanent partial disability of $10,488.24.

Although the ALJ made this a permanent partial disability award, he also found "this is a temporary award," subject to change. Further, the ALJ awarded future medical benefits, reserved rulings on temporary partial disability and future temporary partial disability, and concluded: "Any and all issues are subject to change, depending on the outcome of [a physician's] treatment."

Employer appealed to the commission. *Among other things, employer denied liability.* Further, it asked for "a clarification or determination on whether the Commission deems the award to be a temporary or final award." The commission acknowledged receipt of the appeal. In the acknowledgement, the commission stated it would "review only the issue of liability of the temporary or partial award."

On June 5, 1995, the commission found that the ALJ's award was legally insufficient. It commented that employee had either "reached maximum medical improvement and is entitled to a permanent disability award or she is temporarily disabled and should continue to receive temporary benefits until her condition is permanent." Finding that the award as written made review impossible, the commission reversed and remanded the cause to the ALJ for a new award.

On June 22, 1995, the ALJ issued a new award denominated "Temporary or Partial Award." The ALJ found employee had sustained two separate injuries as a result of the accident. The first injury was to the back and deemed permanent. The ALJ again determined a permanent injury of 18% to the body as a whole and reissued his previous award.

The ALJ found the second injury was the "ongoing pain and muscle spasm which also arose out of this accident at Red Lobster but which is separate from" the back injury. The ALJ ordered future medical treatments for this injury and reserved the computation of an amount for temporary partial disability until the final award.

Employer again appealed, denying liability. Its appeal again sought clarification of the award. The commission again sent notice that it would "review only the issue of liability of the temporary or partial award."

On October 27, 1995, the commission issued a final award modifying the ALJ's award. The commission adopted the ALJ's finding of 18% permanent partial disability for the back injury. However, the commission found that the ALJ erred in designating the award as Temporary or Partial and in bifurcating the case. It then entered a final award.

## II. Compliance with Commission Rule

■ In her first point, employee alleges "the commission exceeded its authority in failing to comply with the rules governing its procedure, specifically 8 CSR 20–3.040(2)." This rule reads as follows:

> Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and especially setting forth the grounds for the basis of that contention and where the evidence fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

Employee contends, "Clearly the Commission is specifically prohibited from reviewing any issue other than liability when reviewing a temporary or partial award." Here, however, the commission determined it was not reviewing only a temporary or partial award.

In its appeal, employer denied its liability. However, in eighteen numbered paragraphs, employer raised numerous other issues. Among those issues were that the award was actually a final determination, there was a lack of medical causation for the employee's

current condition, and employee did not sustain two separate injuries. Thus, employer's appeal did not seek review of a temporary or partial award "where the only contention is as to the extent or duration of the disability."

 When interpreting an administrative rule, this court reviews the language of the rule in its entirety. *Forest Health Systems, Inc. v. Missouri Dept. of Soc. Services,* 879 S.W.2d 566, 568 (Mo.App. W.D.1994). When interpretation of an agency's own rule is at issue, we give deference to the agency's determination. *State v. Missouri Resource Recovery, Inc.,* 825 S.W.2d 916, 931 (Mo.App. S.D.1992).

Here, the commission did not violate 8 CSR 20–3.040(2). Although the ALJ labeled his award as Temporary or Partial Award, the commission determined that it was a final award. This regulation does not control the review of a final award. Thus, the regulation did not prohibit the commission's review. Point denied.

### III. Scope of Review

 In her second point, employee alleges the commission "exceeded its authority in that it notified the parties that the scope of its review would be limited to the question of liability but, in fact, ruled on the substance of the temporary or partial award."

On July 19, 1995, the commission sent a letter to both parties acknowledging receipt of the application for review. This letter informed the parties that the commission would only review "the issue of liability of the temporary or partial award." Employee contends that the commission acted arbitrarily and unreasonably by ruling on the merits of the case instead of ruling only on liability.

Assuming the commission erred, employee was not prejudiced. *Cf., Smith v. Morton,* 890 S.W.2d 403, 406 (Mo.App. E.D.1995). Employer, in both its January and June applications for review, specifically alleged error in the ALJ's temporary award while finding that employee had reached maximum medical improvement. In the June application, employer challenged that employee's injuries were severable. Thus, it appeared that employee had the opportunity to address the merits of the case in her brief to the commission.

Because we were not furnished with copies of the briefs before the commission, we were uncertain as to whether the issue had in fact been briefed to the commission. Thus, at oral argument, this court asked employee's counsel whether employer "raised the issue that [you are] now arguing here today?" Employee's counsel replied, "Yes." He was then asked whether he had "a chance to respond" in his brief. He said, "Yes."

Employee's opportunity to respond to employer's argument cures any potential error in the notice. Employee was not prejudiced by the commission's notice. Point denied.

### IV. Due Process

In her final point, employee alleges the commission deprived her of due process when it failed to follow its own rules of procedure by not notifying employee of the level of review actually conducted. Employee claims she had "property rights in both the permanent partial disability awarded and the future medical care to be provided."

 Due Process requires that a person facing deprivation of property receive notice and an opportunity for hearing appropriate to the nature of the case. *Larocca v. State Board of Reg. for Healing Arts,* 897 S.W.2d 37, 43 (Mo.App. E.D.1995). "Moreover, due process contemplates the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* However, the procedural process due in an administrative hearing is less than that required by a full trial. *Medvik v. Ollendorff,* 772 S.W.2d 696, 700 (Mo. App. E.D.1989).

 The specific dictates of due process are determined by balancing the competing interests at stake in the particular case. *Larocca,* 897 S.W.2d at 43. Those interests include: (1) the private interest affected by the agency action; (2) the risk of erroneous deprivation of this interest through the procedures used and the probable value of additional procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative

burdens that additional procedural requirements would entail. *Id.*

 Here, assuming the commission's notice was not as complete as it could have been, there was no resulting prejudice. Employee's due process rights were not violated. Employer's application for review, and its brief before the commission, raised issues concerning the merits of employee's claim. Employee's brief responded to those issues. Employee had "the opportunity to be heard at a meaningful time and in a meaningful manner." *Larocca*, 897 S.W.2d at 43. Point denied.

The commission's award is affirmed.

REINHARD, P.J., and KAROHL, J., concur.