Lois NOLAN, Appellant,

v.

DEGUSSA ADMIXTURES,
INC., Respondent.

No. 28647.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 7, 2008.

Petition for Rehearing or Transfer
Denied Jan. 29, 2008.

Application for Transfer Denied
March 18, 2008.

Robert D. Gaines, Krigel and Krigel, P.C., Kansas City, for Appellant.

L. Anne Wickliffe, Foland, Wickens, Eisfelder, Roper & Hofer, P.C., for Respondent.

DANIEL E. SCOTT, Judge.

Lois Nolan ("Claimant") appeals a workers' compensation award for her husband's death. We affirm in part, but lack a sufficient record to properly consider her remaining claims, which we reverse and remand for rehearing and further proceedings not inconsistent herewith.

**Facts and Procedural Background**

In July 2005, Timothy Nolan was driving a company pickup for his employer ("Degussa") when he lost control for unknown reasons. The vehicle overturned and ejected him alongside the highway. Critically injured, he was transported to a hospital, where a clinical drug test was positive for methamphetamine. Following its customary procedure, the hospital mailed the remaining sample to a Minnesota laboratory, where follow-up testing revealed both methamphetamine and marijuana.

Mr. Nolan was paralyzed and severely disfigured by the accident. Despite extensive medical care and treatment, he died about three months later. Claimant and her children sought workers' compensation benefits. At an October 2006 hearing, the ALJ entered an award for death and past disability benefits, and past medical expenses. Concluding the injury occurred in conjunction with a violation of Degussa's drug policy, the death and disability benefits (but not the medical expenses) were

reduced by 15% under § 287.120.6(1).[1] However, the ALJ found Degussa's defense and denial of benefits unreasonable in part, and ordered Degussa to pay $10,684.80 of Claimant's attorney fees [2] as costs pursuant to § 287.560.

Both sides timely sought review by the Labor and Industrial Relations Commission. The Commission's July 2006 final award extended the 15% penalty to the medical expenses as well, reversed the $10,684.80 costs award, and adopted the ALJ's decision in all other respects hereinafter relevant.

## Motion to Strike

■ Degussa has moved to strike Claimant's appellate briefs for alleged Rule 84.04[3] noncompliance. We agree, in particular, with Degussa's criticism of Claimant's statement of facts. Rule 84.04(c) requires appellants to provide "a fair and concise statement" of the relevant facts "without argument." Claimant emphasizes only the evidence favorable to her, while virtually ignoring any facts favorable to Degussa. This does not substantially comply with Rule 84.04(c). *Vodicka v. Upjohn Co.*, 869 S.W.2d 258, 263 (Mo.App.1994).

■ Claimant's noncompliance is especially problematic when we are dealing with a 4700–page transcript. An appellate court has no duty to search the transcript or record to discover the facts which substantiate a point on appeal. *Hall v. Missouri Board of Probation and Parole*, 10

S.W.3d 540, 545 (Mo.App.1999). This court consistently has refused to become an advocate for one party in this fashion. *See, e.g., In re Marriage of Hoskins*, 164 S.W.3d 188, 192 (Mo.App.2005).

This violation alone is a sufficient basis to dismiss an appeal. *In re Marriage of Shumpert*, 144 S.W.3d 317, 321 (Mo.App. 2004). Nonetheless, we will consider Claimant's points to the extent we can do so without seining the record for factual support, which we are not obliged and choose not to do. *Landwersiek v. Dunivan*, 147 S.W.3d 141, 147 n. 7 (Mo.App. 2004). We deny Degussa's motion to strike.

## Challenges to 15% Penalty

Claimant's first four points challenge the 15% "drug" penalty. Her prolix first point claims the Commission "erred as a matter of law ... because a forensic drug test and forensic chain of custody are required as a matter of law for admissibility," and summarizes her argument by reasserting that "[a] forensic test and a forensic legal chain of custody are evidentiary preconditions to the admissibility of drug test results."

■ Claimant cites no case boldly so holding, nor have we found one.[4] Even in criminal cases, chain of custody sufficiency is a matter within the trial court's sound discretion using a "reasonable assurance" standard. *State v. Jones*, 204 S.W.3d 287, 295–96 (Mo.App.2006). Chain of custody requirements are no more elaborate in civ-

---

1. Unless otherwise indicated, statutory references are to Missouri Revised Statutes (2000), rule references are to Missouri Court Rules (2007), and regulation references are to Missouri's Code of State Regulations (2006).

2. The ALJ awarded the survivors' attorney a 25% fee on four elements of recovery: past temporary total disability, disfigurement, past death benefits, and future death benefits. $10,684.80 represented the attorney fee award on the first three of these four elements.

3. Mistakenly cited by Degussa as Rule 84.05.

4. For example, we find no Missouri case referencing "forensic drug test," "forensic legal chain of custody," "legal chain of custody," or "forensic chain of custody."

il cases. *State ex rel. K.R. v. Brashear*, 841 S.W.2d 754, 757 (Mo.App.1992). Thus, we reject the assertion that "a forensic drug test and forensic chain of custody"— whatever those terms, undefined by Missouri cases, may mean—"are required as a matter of law for admissibility."

Second, Claimant claims a positive drug test alone did not violate Degrussa's policy; one had to be "under the influence of" drugs. This point ignores the ALJ's finding, which was adopted by the Commission and supported by evidence at the hearing, that Mr. Nolan *was* under the influence of methamphetamine.

■ Third, Claimant argues there was insufficient evidence that Mr. Nolan (1) was impaired by drug use, or (2) injured "in conjunction" therewith. Thus, she contends § 287.120.6(1) is inapplicable. The statute does not mention "impairment" and Claimant cites no case making that part of the analysis. The statutory inquiry is whether Mr. Nolan's injury and drug use were "in conjunction," a term the statute does not define. Standard dictionaries suggest things are "in conjunction" if they co-exist in time or space.[5] The hearing evidence showed, and the Commission and ALJ found, that Mr. Nolan's injury not only coincided with a positive drug test, but he was under the influence of methamphetamine. Claimant cites no case that construes the statutory language differently or requires a greater showing.

Finally, Claimant claims "it is against Missouri public policy" to reduce workers' compensation benefits based on a clinical drug test, because this "will have a chilling effect on medical care and treatment of worker compensation patients." In the absence of supporting authority, we believe "[t]he issue is one of public policy, the resolution of which must be addressed to the General Assembly." *Bethel v. Sunlight Janitor Service*, 551 S.W.2d 616, 620 (Mo. banc 1977).

### Challenges Regarding Costs

■ Although the state treasury generally bears the costs of workers' compensation proceedings, a party who brings, prosecutes, or defends such a case without reasonable grounds may be assessed the "whole cost" (§ 287.560), including the innocent party's attorney fees and expenditures. *DeLong v. Hampton Envelope Co.*, 149 S.W.3d 549, 555 (Mo.App.2004).

The ALJ charged Degussa $10,684.80 in such costs. Claimant challenges the Commission's reversal of that ruling, in part because Degussa's application for review never challenged it or sought review thereof. Claimant cites Commission regulations requiring applications for review to include "the reasons" for making the application and "state specifically" why the ALJ's findings and conclusions are claimed to be not properly supported. *See* 8 CSR 20–3.030(1); 8 CSR 20–3.030(3)(A). Degussa's application for review challenged the ALJ's decision in only three respects, none involving the costs award.[6]

■ Claimant argues that the Commission lacked jurisdiction to review the cost award under these circumstances. We

---

5. For example, Merriam–Webster's Collegiate Dictionary (11th ed.2005) defines conjunction as "occurrence together in time or space; concurrence." According to Webster's New World Dictionary, which Claimant cites, "occurring together" is another appropriate meaning.

6. Two of Degussa's complaints involved the disfigurement award; the third was that the 15% penalty applied to medical expenses as well. The Commission agreed, reversing the disfigurement award and reducing medical expenses by 15%.

disagree. Timely filing of an application for review is jurisdictional; thus, an untimely application divests the Commission's jurisdiction. *See, e.g., Meybatyan v. Webster University*, 122 S.W.3d 726, 727 (Mo.App.2003). Here, both parties filed timely applications for review and thereby invoked the Commission's jurisdiction. Claimant's challenge, therefore, cannot be sustained on jurisdictional grounds.

■ However, as a general proposition, duly promulgated administrative agency rules have the force and effect of law and are binding upon the agency adopting them. *Missouri National Education Ass'n v. Missouri State Board of Mediation*, 695 S.W.2d 894, 897 (Mo. banc 1985). Yet an agency's disregard of its own rules may invalidate its actions only when prejudice results. *Id.*

■ This court recently considered whether the Commission's "plenary" or "de novo" review of ALJ decisions is limited to issues raised by the parties under 8 CSR 20–3.030(3)(A).[7] We concluded that even if the Commission could properly consider non-appealed matters—an issue we expressly declined to reach—it could not do so without appropriate notice and opportunity to be heard. *Stonecipher v. Poplar Bluff R1 School District*, 205 S.W.3d 326, 332 (Mo.App.2006), Due process, in Missouri workers' compensation cases and elsewhere, contemplates the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* at 333.[8]

■ The record before us is insufficient to determine if the Commission, similarly, reversed the costs award without adequate notice and thereby acted in excess of its powers. There is a suggestion that at least one party mentioned the issue in a brief to the Commission, but we have none of those briefs. The Commission's award references motions by each party, but not their substance; does not mention the oral argument before the Commission; and does not address or discuss this notice issue in any respect. "Under the circumstances we are unable to escape the conclusion that, ' "[o]ne guess is as good as another" ' "[9] whether due process was met.

As our power in this appeal is statutorily limited,[10] it seems appropriate to remand this case to the Commission to address these notice and due process issues. Accordingly, we reverse that part of the Commission's award addressing the ALJ's award of costs under § 287.560, and as to those issues, remand for rehearing and further proceedings not inconsistent here-

7. *See, e.g., In re Fay*, 150 N.H. 321, 837 A.2d 329 (2003), limiting an appeal board's *de novo* review to issues raised by the appealing parties. "Because of the breadth and complexity of the workers' compensation statutory scheme, limiting the issues reviewable by the board ensures that parties can reasonably anticipate the issues for which they must prepare evidence and argument." *Id.* at 333.

8. *See also Willard v. Red Lobster*, 926 S.W.2d 550, 553–54 (Mo.App.1996); *Fawley v. Doehler–Jarvis Div.*, 342 Mich. 100, 68 N.W.2d 768 (1955)(despite its broad powers, labor commission must give parties opportunity to be heard on non-appealed matters taken up for consideration); *Brown v. Beckwith Evans Co.*, 192 Mich.App. 158, 480 N.W.2d 311 (1991)(workers' compensation appeal board proceeding is *de novo*, but if issues not raised by parties are considered, parties should have opportunity to brief and argue them).

9. *Parrott v. HQ, Inc.*, 907 S.W.2d 236, 243–44 (Mo.App.1995), *quoting Hogue v. Wurdack*, 298 S.W.2d 492, 501 (Mo.App.1957) and *Scott v. Terminal Railroad Ass'n of St. Louis*, 291 S.W.2d 859, 863 (Mo.1956).

10. *See* § 287.495.1.

with.[11] In all other respects, we affirm the Commission's award.

PARRISH, P.J., and BATES, J., concur.

11. Therefore, we do not address Claimant's

other points as to costs.