Lois NOLAN, Appellant,

v.

DEGUSSA ADMIXTURES,
INC., Respondent.

No. SD 29282.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 14, 2009.

Robert D. Gaines, Krigel & Krigel, Kansas City, for Appellant.

L. Anne Wickliff, Foland, Wickens, Eisfelder, Roper & Hofer, P.C., Kansas City, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

This is the second appeal of this case. *See Nolan v. Degussa Admixtures, Inc.,* 246 S.W.3d 1 (Mo.App.2008)(*"Nolan I "*), from which we freely borrow the following facts and background without further attribution.

### Facts and Procedural Background

In July 2005, Timothy Nolan was driving a company pickup for his employer ("Degussa") when he lost control for unknown reasons. The vehicle overturned and ejected him alongside the highway. Critically injured, he was transported to a hospital, where a clinical drug test was positive for methamphetamine. Following its customary procedure, the hospital mailed the remaining sample to a Minnesota laboratory, where follow-up testing revealed both methamphetamine and marijuana.

Mr. Nolan was paralyzed and severely disfigured by the accident. Despite extensive medical care and treatment, he died about three months later. His widow ("Claimant") and her children sought workers' compensation benefits. At an October 2006 hearing, the ALJ entered an award for death and past disability benefits, and past medical expenses. Concluding the injury occurred in conjunction with a violation of Degussa's drug policy, the death and disability benefits (but not the medical expenses) were reduced by 15% under § 287.120.6(1).[1] However, the ALJ found Degussa's defense and denial of benefits unreasonable in part, and ordered Degussa to pay $10,684.80 of Claimant's attorney fees[2] as costs pursuant to § 287.560.

Both sides timely sought review by the Labor and Industrial Relations Commission. The Commission's July 2006 final award extended the 15% penalty to the medical expenses as well, reversed the $10,684.80 costs award, and adopted the ALJ's decision in all other respects hereinafter relevant.

Claimant's prior appeal involved the 15% penalty and the costs award. This court affirmed as to the penalty, but the appel-

---

1. Statutory references are to RSMo (2000); rule references are to Missouri Court Rules (2008).

2. The ALJ awarded the survivors' attorney a 25% fee on four elements of recovery: past temporary total disability, disfigurement, past death benefits, and future death benefits. $10,684.80 represented the attorney fee award on the first three of these four elements.

late record was insufficient to determine if the Commission vacated the costs award without adequate notice. Accordingly, we reversed the Commission's § 287.560 costs determination, remanded that issue for rehearing and further proceedings, and affirmed the award in all other respects. *Nolan I*, 246 S.W.3d at 5–6.

On remand, Claimant and Degussa accepted the Commission's invitation to brief "the issue of costs under § 287.560" and orally argue the same. After considering the parties' briefs and oral arguments, the Commission found that Degussa had not violated § 287.560 by defending the proceedings without reasonable grounds. The Commission concluded that the drug tests showing Mr. Nolan arguably under the influence of illegal drugs, in violation of company rules, were a reasonable argument or grounds for withholding benefits and denying liability. Thus, it again reversed the ALJ's award of costs. Claimant appeals, raising two points.

### Appellate Review and Limitations

Section 287.495.1 limits appellate review in workers' compensation cases. We can modify, reverse, remand, or set aside the Commission's award only upon the following grounds and none other:

(1) The Commission acted without or in excess of its powers;

(2) The award was procured by fraud;

(3) The facts found by the Commission do not support the award;

(4) There was not sufficient competent evidence in the record to warrant the making of the award.

*Id.*; *Ruben v. Autozone, Inc.,* 217 S.W.3d 322, 323 (Mo.App.2007).

**3.** *Such proceedings were not to be "inconsistent with our opinion." Id. Our review of the*

### Point I

■ Point I combines five largely disparate complaints, rendering it multifarious in violation of Rule 84.04. *Dixon v. Thompson,* 235 S.W.3d 568, 571 (Mo.App. 2007). We have exercised discretionary review (*Id.*), but find no basis for relief.

Subparts (a) and (b) claim the Commission, on remand, was authorized only to determine if the costs issue was properly noticed (due process) in its prior proceeding. Thus, Claimant contends the Commission ignored and violated our mandate by allowing the parties to brief and orally argue the costs issue, and based thereon, deciding that issue anew.

*Nolan I* reversed "that part of the Commission's award addressing the ALJ's award of costs under § 287.560," and on that issue, remanded "for rehearing and further proceedings." See 246 S.W.3d at 5.[3] This court did not limit the Commission as argued in subparts (a) and (b), and those claims fail.

■ Subparts (c) and (d) contend the costs issue was not properly before the Commission under its rules. We expressly remanded, in *Nolan I,* to address the costs issue. Thus, it was properly before the Commission. Alleged noncompliance with Commission rules, predating our *Nolan I* reversal and remand, remain issues only if prejudice still results. *Nolan I,* 246 S.W.3d at 5. Claimant argues prejudice and inadequate notice *only* as to the proceedings and decision reversed in *Nolan I.* Since she alleges no failure of notice or opportunity to be heard on remand, or regarding the award now on appeal, we reject subparts (c) and (d) as well.

Finally, subpart (e) posits that § 287.560 mandates an award of "whole costs" without discount, reduction, or adjustment; cit-

*record shows the Commission acted accordingly.*

ing *Landman v. Ice Cream Specialties, Inc.*, 107 S.W.3d 240 (Mo. banc 2003).[4] *Landman*, however, expressly recognizes that "the commission may exercise its discretion to order only a portion of the cost of the proceedings." *Id.* at 250; *see also Monroe v. Wal–Mart Associates, Inc.*, 163 S.W.3d 501, 509 (Mo.App.2005). Thus, we deny subpart (e) and Point I as a whole.

## Point II

■ Point II asserts error in not assessing § 287.560 costs to Degussa since, according to Claimant, "there was insufficient competent evidence to support a finding that [Degussa] acted reasonably" in withholding any benefit payments. This argument essentially reverses the statutory scheme, and ignores both the Commission's discretion and our standard of review.

■ The state treasury generally bears the costs of workers' compensation proceedings. *Nolan I*, 246 S.W.3d at 4. Only a party who brings, prosecutes, or defends a case "without reasonable grounds" may have costs assessed against it. *Id.*; *Wilson v. C.C. Southern, Inc.*, 140 S.W.3d 115, 120 (Mo.App.2004); § 287.560. Even then, the Commission "may" assess such costs, but neither the statutory language nor case law compels such an award. Indeed, our appellate courts have cautioned the Commission to exercise this discretionary statutory power "with great caution and only when the case for costs is clear and the offense egregious." *Wilson*, 140 S.W.3d at 120; *see also Landman*, 107 S.W.3d at 250.

■ Given the Commission's discretion, our proper review is for abuse of discretion, which generally means a decision so clearly against the logic of the circumstances, and so unreasonable and arbitrary, that it shocks one's sense of justice and indicates a lack of careful deliberate consideration. *See, e.g., Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 543 (Mo. App.2008). We cannot so describe the Commission's decision. We deny Point II and affirm the award.

BARNEY and BATES, JJ., concur.

---

4. *Landman* is one of many cases partially overruled, on an unrelated issue, by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 224–32 (Mo. banc 2003).