

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00096-CV
_____

LAZARO WALCK, APPELLANT

V.

THE CITY OF LUBBOCK, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2014-509,907, Honorable Ruben Gonzales Reyes, Presiding

April 17, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Lazaro Walck filed a Whistleblower Act[1] suit against his employer, the City of Lubbock. The trial court granted the City's plea to the jurisdiction and dismissed the case. Walck brought the present appeal. We will affirm the order of the trial court.

---

[1] The Texas Whistleblower Act is contained in chapter 554 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. §§ 554.001-.010 (West 2012).

## Background

Walck, a City police officer, submitted two grievances under the City's grievance procedure, complaining of the suspension of his outside work permit and the issuance of a letter of reprimand on September 25, 2013. Walck subsequently filed his Whistleblower Act suit against the City in 2014, alleging that the actions of which he complained were retaliation for his report to his chain of command.[2] The trial court denied the City's plea to the jurisdiction and the City brought an interlocutory appeal.[3] We found Walck's Whistleblower Act complaint concerning the loss of his outside work permit was not timely filed. But we also found the City had not established Walck failed to properly initiate the City's grievance procedure as to the letter of reprimand. We therefore remanded the case as to Walck's complaint based on the letter of reprimand. The Supreme Court of Texas denied discretionary review and the case was returned to the trial court. Thereafter the City filed an amended plea to the jurisdiction which the trial court granted. It dismissed the remainder of Walck's case.

---

[2] Summarized, his suit alleged that an email Walck sent to his chain of command was a report of a violation of law and that the suspension of his outside work permit and the letter of reprimand were retaliatory acts.

[3] *See City of Lubbock v. Walck,* No. 07-15-00078-CV, 2015 Tex. App. LEXIS 11761 (Tex. App.—Amarillo Nov. 16, 2015, pet. denied) (mem. op.); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2018) (providing for appeal of interlocutory order that grants or denies a governmental unit's plea to the jurisdiction).

Analysis

First Issue:  Law of the Case

By his first issue, Walck contends the trial court erred by sustaining, after remand, the City's plea to the jurisdiction on his Whistleblower Act claim based on the letter of reprimand.  He argues the City's challenge to the trial court's subject matter jurisdiction over the remainder of his case was resolved against the City in the interlocutory appeal and the law of the case doctrine precludes our reconsideration of the jurisdictional question.

Under the law of the case doctrine, questions of law decided on appeal to a court of last resort govern the case throughout its subsequent stages.  *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex. 1986).  The law of the case doctrine is intended to provide uniformity of decision while providing judicial economy and efficiency by narrowing the issues for determination in subsequent stages of the litigation.  *Id.*  The doctrine is based on public policy and achieving an end to litigation.  *Id.*  Under the law of the case doctrine, a court of appeals is generally bound by its initial decision if there is a subsequent appeal in the case.  *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex. 2003).  The doctrine is not a limitation on the power of the court.  *Devilla v. Schriver,* 245 F.3d 192, 197 (2d Cir. 2001).  Its application lies within the court's discretion.  *Briscoe,* 102 S.W.3d at 716.

We find the law of the case doctrine does not limit our consideration of the issues presented in this appeal.  The law of the case doctrine may not apply when issues or facts have changed through amended pleadings.  *Hudson*, 711 S.W.2d at 630.  The City's brief points out that it filed, after remand, an amended answer and an amended plea to the

jurisdiction in which it contended the letter of reprimand was not an adverse personnel action under the Whistleblower Act.[4] We agree with the City that the issue was neither briefed nor addressed in the previous, interlocutory appeal. Walck seems to argue that issues now raised were necessarily encompassed within our disposition of the interlocutory appeal. We disagree. Accordingly, we overrule Walck's first issue.

Second Issue: Adverse Personnel Action

In the trial court the City contended that the later-rescinded letter of reprimand issued Walck on September 25, 2013, was not an adverse personnel action. By his second issue Walck generally argues the parties' stipulated facts show the contrary.[5]

The Whistleblower Act expressly waives governmental immunity when a public employee alleges a violation of Chapter 554 of the Government Code. TEX. GOV'T CODE ANN. § 554.0035. Whether a claimant's whistleblower complaint comes within the act's waiver of governmental immunity may be addressed through a plea to the jurisdiction. *Ortiz v. Plano Indep. Sch. Dist.,* No. 02-13-00160-CV, 2014 Tex. App. LEXIS 7, at *2 (Tex. App.—Fort Worth Jan. 2, 2014, pet. denied) (mem. op.) (citing *Canutillo ISD v. Farran,* 409 S.W.3d 653, 655-57 (Tex. 2013)). "When a plea to the jurisdiction challenges the existence of facts alleged by the pleader to establish the trial court's subject-matter

---

[4] The City notes the amended answer and plea to the jurisdiction were filed after it took Walck's deposition.

[5] Parts of Walck's argument refer to events occurring before the suspension of his outside work permit that led to his first grievance. We held in the first appeal that the trial court lacked jurisdiction over Walck's complaints arising from the first grievance. Accordingly, we will construe Walck's present issue as challenging the trial court's implicit agreement with the City's argument that the September 25, 2013 letter of reprimand issued to Walck was not an adverse personnel action.

jurisdiction, the trial court must consider relevant evidence submitted by the parties." *Id.* at 227 (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000)). This standard generally mirrors that of a traditional summary judgment. *Id.* at 228; TEX. R. CIV. P. 166a(c). Thus, the trial court may consider affidavits and other summary judgment-type evidence. *FKM P'ship v. Board of Regents of Univ. of Houston Sys.,* 255 S.W.3d 619, 628 (Tex. 2008). The trial court rules on the plea as a matter of law if, as here, the relevant evidence is undisputed. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004).

The Whistleblower Act's prohibition of governmental retaliation against public employees who report violations of the law states "[a] state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002. The act further provides "[a] public employee whose employment is suspended or terminated or who is subjected to an adverse personnel action in violation of [the act] is entitled to sue for injunctive relief, actual damages, court costs, and reasonable attorneys' fees." TEX. GOV'T CODE ANN. § 554.003(a).

The act defines the term "personnel action" as "an action that affects a public employee's compensation, promotion, demotion, transfer, work assignment, or performance evaluation." TEX. GOV'T CODE ANN. § 554.001. The statute does not undertake to define, however, when a personnel action is "adverse." That issue was addressed by the Supreme Court of Texas in *Montgomery County v. Park,* 246 S.W.3d

5

610 (Tex. 2007). The court there found guidance in the United States Supreme Court's determination of the level of harm required to support a claim under the antiretaliation provision of Title VII of the Civil Rights Act of 1964. It adopted for the Whistleblower Act an objective standard of material adversity, holding "for a personnel action to be adverse within the meaning of the Act, it must be material, and thus likely to deter a reasonable, similarly situated employee from reporting a violation of the law." *Park*, 246 S.W.3d at 612 (citing *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). The court found such an objective standard properly balances the need to shield whistleblowers and thus encourage reporting of governmental lawbreaking with the need to protect government employers from baseless lawsuits. *Id.* at 614. It also provides a judicially manageable standard for lower courts. *Id.* at 614. Whether a challenged employer action is adverse within the meaning of the Whistleblower Act is generally a question of law. *Id.* at 615. The standard must be applied, however, "to the circumstances presented." *Id.*

Park was a county deputy sheriff. From his office he also coordinated security for the county convention center, a duty for which he did not receive additional pay but enjoyed the "extra benefit" of having first pick of security jobs at the convention center. After Park reported allegedly wrongful conduct by a county commissioner, the commissioner allegedly ordered the convention center manager to relieve Park of his security coordinator duties. *Id.* at 613. Responsibility for these duties was ultimately rotated monthly between the sheriff's and constable's departments.

Park sued the county under the Whistleblower Act. The trial court granted summary judgment for the county but the order was reversed by the court of appeals.

6

The supreme court granted the county's petition to consider whether relieving Park of his convention center security coordination duties constituted an adverse personnel action. *Id.* at 612.

In finding it "clear from the record" that Park's loss of his security coordinator position did not constitute an adverse personnel decision under the Whistleblower Act, the court noted Park did not suffer a reduction of pay for core job duties and he was not generally precluded from obtaining outside employment. *Id.* at 615. Park argued that as security coordinator he was able to assign himself extra jobs at convention center events, and the transfer of those duties therefore adversely affected his compensation. The court observed, however, no evidence demonstrated that losing the first choice of extra jobs at the convention center actually reduced Park's earnings. *Id.* The opinion further points out Park did not argue the loss of his responsibilities affected his prestige, opportunity for advancement in the sheriff's department, or the difficulty of his work conditions. *Id.*

In the case before us, the parties' stipulation of facts demonstrates Walck was issued the reprimand on September 25 for "working on school related projects, scheduling interviews for school related projects and sending emails related to school related projects while on duty and using city equipment without permission."[6] On September 27, Walck challenged the reprimand through the City's grievance procedure. He sought its rescission. A second assistant city manager heard this grievance at an October 22, 2013

---

[6] The reprimand arose from work Walck performed for a class he was taking at Texas Tech University, unrelated to his police work.

hearing. The following day the assistant city manager ruled in favor of Walck, ordering rescission of the letter of reprimand.

Assuming, without deciding, that issuance of the later-rescinded letter of reprimand was an action meeting the statutory definition of personnel action,[7] we conclude it does not meet the objective materiality standard as adverse. The record demonstrates the reprimand has caused Walck no job-related consequences. The stipulated facts show Walck was not demoted because of the reprimand and has remained a burglary detective since October 2013. Further, he has neither sought nor been denied a promotion, nor has he been denied any pay raise.

The stipulated facts state that Walck found the investigation process to be very stressful, that he lost sleep because of the investigation and felt ostracized by others during the investigation. But Walck's subjective reactions to events that preceded the issuance of the letter of reprimand cannot bootstrap the reprimand into an adverse personnel action. *See Park*, 246 S.W.3d at 614-15. The same is true of Walck's further argument that he suffered a financial loss when he paid his attorney $1,500 for representation in the grievance proceeding concerning the letter of reprimand. Having concluded that the issuance of the letter of reprimand was not an adverse personnel action, we cannot agree that Walck's incurrence of attorney's fees had the effect of elevating the reprimand into an adverse personnel action. Considering *Park's* objective standard, and all the circumstances reflected in the record, we find that receiving the

---

[7] The parties do not discuss whether the reprimand affected Walck's compensation, promotion, demotion, transfer, work assignment, or performance evaluation. TEX. GOV'T CODE ANN. § 554.001.

8

September 25, 2013 letter of reprimand would not, as a matter of law, likely deter a similarly situated, reasonable employee from reporting a violation of law, and was therefore not a materially adverse personnel action. For that reason, the City did not violate the Whistleblower Act and its immunity from suit was not waived. The trial court did not err in its conclusion it lacked subject matter jurisdiction and properly dismissed Walck's case.

Third Issue: Reporting to Law Enforcement

The City's plea to the jurisdiction also contended Walck's complaint to his chain of command was not a report of a violation of law to an appropriate law enforcement agency. By his third issue, Walck argues he reasonably believed his report of a violation of law was to an appropriate law enforcement agency. Because we have found the letter of reprimand was not an adverse personnel action, Walck cannot show an essential jurisdictional fact. Accordingly, consideration of his third issue, also an essential jurisdictional fact, is unnecessary to the disposition of this appeal. TEX. R. APP. P. 47.1.

Conclusion

Because the parties have stipulated to the facts material to Walck's Whistleblower Act claim, and based on those facts a Whistleblower Act violation cannot be shown, remanding the case for repleading would be pointless.

The order of the trial court is affirmed.

James T. Campbell
Justice

9