

# In the Missouri Court of Appeals Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| MELISSA DONNELL, | ) | No. ED110126 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| TRANS STATE AIRLINES, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INSURANCE COMPANY OF | ) | |
| THE STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | FILED: June 14, 2022 |

## Introduction

Melissa Donnell ("Donnell") appeals from the decision of the Labor and Industrial

Relations Commission (the "Commission") granting her motion for commutation of benefits on

her workers' compensation award. In its decision, the Commission declined to assess costs,

including attorneys' fees, against Trans State Airlines ("Employer") and Insurance Company of

the State of Pennsylvania ("Insurer") (collectively "Respondents") under Section 287.560.[1] In

her sole point on appeal, Donnell claims that the Commission's decision not to assess costs

against Respondents was not supported by sufficient competent and substantial evidence.

---

[1] All Section references refer to RSMo (2016) unless otherwise indicated.

Because the Commission is granted discretion in awarding costs under Section 287.560, and because the Commission found both parties' conduct contributed to the substantial procedural delay, the Commission did not abuse its discretion in deciding not to assess costs against Respondents. Accordingly, we affirm the Commission's decision.

## Factual and Procedural History

Donnell sustained a right ankle injury while working for Employer in December 2002. Donnell filed her claim for compensation in April 2003, and received a Temporary or Partial Award in September 2005. Following a hearing, in August 2011, an administrative law judge (the "ALJ") awarded Donnell temporary total disability benefits, permanent total disability ("PTD") benefits, and "all future medical treatment necessary to relieve the effects of [Donnell's] RSD or CRPS[2] . . . and for future orthopedic medical treatment for the right ankle." Both parties filed an Application for Review with the Commission concerning the ALJ's award. In March 2012, the Commission issued its final award (the "Final Award") affirming the award of PTD and future medical treatment.

In December 2014, Donnell moved to commute her PTD benefits (the "Motion to Commute"). Specifically, Donnell requested that the Commission commute her weekly PTD benefits to a lump-sum payment under Section 287.530. In support of her motion, Donnell cited the undue hardship of her present financial circumstances and her concern that Insurer had sold or otherwise disposed of significant portions of its business or assets after the 2008 financial crisis. In response, Respondents objected to the Motion to Commute, requested a hearing, and further requested an independent medical examination ("IME") as permitted under Section 287.210.1.

---

[2] RSD refers to Reflex Sympathetic Dystrophy and CRPS refers to Complex Regional Pain Syndrome.

The Commission issued an order (the "2015 Order") remanding the case for an evidentiary hearing (the "Remand Hearing") on the Motion to Commute. The 2015 Order further directed the Division of Workers' Compensation (the "Division") on remand to consider "all other matters relevant to whether a commutation under [Section] 287.530 RSMo is appropriate in this case, and if so, the appropriate amount of any such commutation." The 2015 Order noted that Section 287.210.1 requires an employee to submit to a reasonable medical exam "during disability," which the Commission found applicable because Donnell was receiving weekly PTD benefits under the Final Award.

Approximately one year later,[3] Donnell moved for the Commission to reconsider its 2015 Order or, in the alternative, to limit the scope of the requested IME. The Commission issued an order declining to reconsider the 2015 Order and further reaffirming Respondents' right to request Donnell submit to a reasonable IME (the "2016 Order"). The Commission determined that Donnell could not refuse or obstruct the statutorily-mandated IME. The 2016 Order further instructed the ALJ to take evidence as to whether "either party has brought, prosecuted, or defended any post-award proceedings before the Division or the Commission without reasonable grounds" as well as "evidence relevant to establish the whole cost of the proceedings." The Commission noted that there appeared to be a delay in carrying out the Remand Hearing and directed the Division to consider whether any unreasonable defense or prosecution may have contributed to the delay.

Following the 2016 Order, the Division set the Remand Hearing numerous times. Each party requested multiple continuances and the parties ultimately sought more time to conduct discovery. In August 2016, the parties jointly requested more time to allow them to negotiate

---

[3] The timeliness of Donnell's motion to reconsider is not before us on appeal.

3

their dispute without the Remand Hearing. Accordingly, the Division transferred the matter back to the prehearing and mediation docket. The Division set the cause for hearing several times between April 5, 2017 and January 14, 2020, during which the parties conducted discovery, tried to negotiate a settlement, and sought continuances for various conflicts. During that time-frame, in October 2018, Donnell submitted to the IME requested by Respondents.

In May 2020, Donnell informed the Division that she was ready for the Remand Hearing. Respondents requested a continuance to depose their main expert witness while complying with COVID-19 protocol restrictions. The Division granted the continuance to allow Respondents a final opportunity to secure their deposition. The Remand Hearing was then scheduled for October 2020. Respondents subsequently requested another continuance to gather evidence in response to new expert testimony that Donnell did not produce until the end of September 2020, despite having announced that she was ready for the hearing earlier in May. The Division granted a two-month continuance and rescheduled the Remand Hearing for December 2020. Shortly before the December setting, the parties jointly requested a continuance to attempt to negotiate a settlement. When the parties did not settle, the matter was again reset.

On March 28, 2021, the ALJ conducted the Remand Hearing. At the start of the hearing, the ALJ summarized the procedural history, recounting the numerous continuance requests and re-settings that, in addition to COVID-19 restrictions, resulted in a nearly five-year delay in conducting the evidentiary hearing on the issue of commutation. The ALJ submitted its findings and conclusions, and the Commission issued its final decision. Finding no issue with respect to Insurer's payment of Donnell's PTD benefits, the Commission denied Donnell's request to commute her PTD benefits. The Commission determined that commuting the PTD benefits would not resolve the underlying dispute relating to Respondents' obligation to provide Donnell

4

necessary future medical treatment, but construed Donnell's memorandum in support of commuting the PTD benefits as a motion to commute her future medical treatment under Section 287.530. The Commission found Respondents failed to comply with the Final Award with regard to the award of future medical treatment. Specifically, the Commission found Insurer paid for Donnell's medical treatment from 2012 through 2014, but discontinued coverage for Donnell's medical treatment after Donnell filed her Motion to Commute. The Commission then commuted only Donnell's award for future medical treatment, thereby relieving Respondents from further payments for future medical treatment. Following the grant of commutation, Donnell received a lump-sum payment of $791,740, the amount the Commission determined represented the commutable value of her open future medical award.[4]

In its Order, the Commission expressly denied an award of costs, including attorneys' fees and other expenses, against either party under Section 287.560. The Commission explained that it found "unreasonably antagonistic conduct by counsel for both parties to this action that has drained the resources of the Division and the Commission," resulting in a five-year delay in the Remand Hearing and an almost six-year delay in the Commission's own resolution of the matter. Donnell now appeals.

### Point on Appeal

In her sole point on appeal, Donnell argues the Commission erred in denying her request for costs, including attorneys' fees and expenses, pursuant to Section 287.560. Donnell contends the Commission's denial was not supported by sufficient competent and substantial evidence in

---

[4] As noted above, the Commission proceeded as though Donnell had requested a commutation of her future medical award although the record lacks any motion. Respondent does not appeal the Commission's authority to commute Donnell's future medical award or its calculation of the award's commutable value. The record suggests a disagreement between the parties as to the medical care needed for future orthopedic medical treatment for Donnell's ankle as well as pain associated with RSD or CRPS. Allowing a commutation of future medical care may have been a procedural posture designed to address and avoid any continuing conflict regarding the scope of future medical care needed by Donnell.

that the Commission disregarded overwhelming and uncontradicted evidence demonstrating that Respondents unreasonably defended the commutation proceedings. In particular, Donnell claims that for six years, Respondents failed to comply with the 2012 award of future medical treatment; the Defendant's course of conduct was contrary to the opinion of their own medical expert; and Respondents failed to provide any defense for their failure to pay for Donnell's medical treatment.

Standard of Review

Pursuant to article V, section 18 of the Missouri Constitution, we review the Commission's decision to determine if it is "supported by competent and substantial evidence upon the whole record." Cosby v. Treasurer of State, 579 S.W.3d 202, 205 (Mo. banc 2019). We may modify, reverse, remand, or set aside the Commission's award only on the following grounds:

> (1) [t]hat the commission acted without or in excess of its powers; (2) [t]hat the award was procured by fraud; (3) [t]hat the facts found by the commission do not support the award; [or] (4) [t]hat there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1; Cosby, 579 S.W.3d at 205–06. We review questions of law de novo. Cosby, 579 S.W.3d at 205–06 (internal citation omitted). "[W]e defer to the Commission on issues of fact, including the credibility of witnesses and the weight to be given their testimony." Sickmiller v. Timberland Forest Prods., Inc., 407 S.W.3d 109, 113 (Mo. App. S.D. 2013) (internal citation omitted).

With regard to the Commission's decision relating to the assessment of costs against a party under Section 287.560, we review the Commission's action for an abuse of discretion. Nolan v. Degussa Admixtures, Inc., 276 S.W.3d 332, 335 (Mo. App. S.D. 2009). An abuse of discretion "generally means a decision so clearly against the logic of the circumstances, and so

6

unreasonable and arbitrary, that it shocks one's sense of justice and indicates a lack of careful deliberate consideration." Id. (internal citation omitted). However, once the Commission has exercised its discretion and granted an award, the Court will defer to the Commission's award of costs absent a lack of substantial evidence to support the award or overwhelming evidence contradicting it. Landman v. Ice Cream Specialties, Inc., 107 S.W.3d 240, 250–51 (Mo. banc 2003), *overruled on other grounds by* Hampton v. Big Boy Steel Erection, 121 S.W.3d 220 (Mo. banc 2003).

## Discussion

Donnell reasons the Commission should have assessed the costs of the proceedings against Respondents because Respondents unreasonably defended against her workers' compensation claim.

Section 287.560 states, in relevant part:

All costs under this section shall be approved by the division and paid out of the state treasury from the fund for the support of the Missouri division of workers' compensation; provided, however, that if the division or the commission determines that any proceedings have been brought, prosecuted or defended without reasonable ground, it may assess the whole cost of the proceedings upon the party who so brought, prosecuted or defended them.

"The state treasury generally bears the costs of workers' compensation proceedings." Nolan, 276 S.W.3d at 335 (internal citation omitted). Additionally, the American Rule generally provides that parties pay their own attorneys' fees and related costs. See Lowe v. Mercy Clinic E. Cmtys., 641 S.W.3d 210, 227 (Mo. App. E.D. 2021). However, Section 287.560 provides that the Commission "*may* . . . assess" the costs of a proceeding against a party who brought, prosecuted, or defended the proceeding on unreasonable grounds. Sickmiller, 407 S.W.3d at 119 (citing Nolan, 276 S.W.3d at 335) (emphasis in original). To that effect, "[a]n employer's defense is without reasonable ground where the employer offers absolutely no ground,

7

reasonable or otherwise for refusing benefits clearly owed to a claimant because his injury was indisputably work-related." Clark v. Harts Auto Repair, 274 S.W.3d 612, 618 (Mo. App. W.D. 2009) (citing Landman, 107 S.W.3d at 250) (internal quotations omitted). While "the Commission 'may' assess such costs, [ ] *neither the statutory language nor case law compels such an award.*" Nolan, 276 S.W.3d at 335 (emphasis added); see also McAlister v. Strohmeyer, 395 S.W.3d 546, 552 (Mo. App. W.D. 2013) (noting "[u]se of the word 'may' in a statute implies alternate possibilities and that the conferee of the power has discretion in the exercise of the power").

"Indeed, our appellate courts have cautioned the Commission to exercise this discretionary statutory power '*with great caution* and only when the case for costs is clear and the offense egregious.'" Nolan, 276 S.W.3d at 335 (emphasis added) (quoting Wilson v. C.C. Southern, Inc., 140 S.W.3d 115, 120 (Mo. App. W.D. 2004)); see Sickmiller, 407 S.W.3d at 119 (quoting Wilson, 140 S.W.3d at 120); Monroe v. Wal-Mart Assocs., Inc., 163 S.W.3d 501, 506 (Mo. App. E.D. 2005). Because the Commission's statutory power to award costs is purely discretionary, the decision to decline an award of fees is not reviewed for whether the decision is supported by substantial evidence, but whether the Commission abused its discretion when rendering the decision. See Nolan, 276 S.W.3d at 335; see also Landman, 107 S.W.3d at 250.

The foundation of Donnell's appeal is that the Commission's decision not to assess costs against Respondents must be supported by sufficient and substantial evidence that Respondents *reasonably* defended the proceedings. But this foundation falters under Donnell's misunderstanding of the correct standard of appellate review and the legal standard applied to the Commission's *discretionary decision* to award costs under Section 287.560. See Sickmiller, 407 S.W.3d at 119 (internal citation omitted); Nolan, 276 S.W.3d at 335 (internal citation omitted).

8

Had the Commission exercised its discretion to award costs, we would consider whether the award was supported by sufficient competent and substantial evidence under Landman. But here, because the Commission did not exercise its discretion to award costs, our standard of review is limited to an abuse of discretion. A workers' compensation claimant presented a similar argument in Nolan, in which the Southern District reasoned as follows: "[t]his argument essentially reverses the statutory scheme, and ignores both the Commission's discretion and our standard of review." Nolan, 276 S.W.3d at 335. As in Nolan, Donnell misstates the applicable standard of review, which is fatal to her argument.

Reviewing Donnell's claim under the correct legal standard, we hold that the Commission did not abuse its discretion in declining to award the costs of the proceedings against Respondents. See Sickmiller, 407 S.W.3d at 119 (internal citation omitted). In order to exercise its discretionary power to award costs, the Commission must first find that a party "unreasonably brought, prosecuted, or defended" the proceedings. Nolan, 276 S.W.3d at 335 (internal citation omitted). In the 2016 Order, the Commission instructed the Division to take evidence on whether either party had brought, defended, or prosecuted the proceedings without reasonable grounds because the Commission believed such conduct may have delayed the Remand Hearing. Based on the evidence presented at the Remand Hearing, the Commission concluded that the delay was the result of "unreasonably antagonistic conduct" by *both* parties, and accordingly did not assess costs against either party. We defer to the Commission's factual finding that unreasonable conduct by both parties—including Donnell—contributed to the delay. See Sickmiller, 407 S.W.3d at 113. We further note that our review of the record indicates the Commission carefully and deliberately considered this issue. See Nolan, 276 S.W.3d at 335. In particular, the Commission's 2016 Order raised a concern that unreasonable conduct may have

9

caused the delay in the proceedings and directed the Division to take evidence on the matter on remand. The record of the parties' conduct following the 2015 Order reflects numerous continuances, discovery issues–some prompted by additional expert testimony offered *after* Donnell announced ready for the Remand Hearing, attempts to settle, and motions filed by *both parties*. Donnell fails to demonstrate that the Commission's decision not to assess costs against Respondents was so unreasonable or arbitrary as to warrant reversible error. See Sickmiller, 407 S.W.3d at 119 (citing Nolan, 276 S.W.3d at 335).

Because Section 287.560 provides for a discretionary assessment of costs when one party unreasonably defends a proceeding, and the Commission found the procedural delay following the 2015 Order was attributable to unreasonable conduct committed by both parties, we hold the Commission's decision not to assess costs against Respondents was not an abuse of discretion. See id.; Section 287.560.

Conclusion

The decision of the Commission is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Kelly C. Broniec, J., concurs.
John P. Torbitzky, J., concurs.